UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNIE EVERETT,

    Petitioner,                                      Civil No. 2:18-CV-11551
                                                  HONORABLE ARTHUR J. TARNOW
v.                                                    UNITED STATES DISTRICT JUDGE

DANIEL LESATZ,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Donnie Everett, ("Petitioner"), confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; three counts of assault with intent to murder, M.C.L.A. 750.83; two counts of assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; one count of being a felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit

Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant stood trial for the shooting death of three-year-old [AW], the nonfatal shooting of Frieda Tiggs, [DW], and [TS], and assaults on [CW] and [JW]. The shootings stemmed from an argument between teenaged [JW] and her former friend, [LD]. On the day of the shooting, [LD] and several of her supporters arrived at a home occupied by [AW] and her family. [LD] and [JW] then engaged in a physical altercation outside the house, which escalated to the point that several young men and women joined in the fray. Eventually, multiple gunshots were fired.
>
> According to the evidence, defendant brought a gun to the scene and he fired several shots, including shots at the house occupied by [AW], [DW], and [TS]. Defendant also fired directly at Frieda while she lay on the ground, and he fired in the direction of [CW] and [JW] while they were outside the home. [AW] was tragically shot and killed during these events, and [DS], [TS], and Frieda all suffered gunshot wounds. After the shooting, defendant fled the scene with others, he stated that he shot "the momma and the daughter," and he gave a backpack containing his gun to a neighbor. Given evidence that others at the scene also fired shots, the prosecution presented alternative theories based on defendant's guilt as either a principal or an aider or abettor. The jury convicted defendant as already noted. Defendant now appeals as of right.

*People v. Everett*, 318 Mich. App. 511, 514–15, 899 N.W.2d 94 (2017(internal footnote omitted).[1]

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 500 Mich. 1060, 898 N.W.2d 222 (2017).

Petitioner seeks a writ of habeas corpus on the following ground:

---

[1] Because some of the people involved with the incident were minors at the time of the offense or relatives of minors with the same name, this Court will refer to these individuals by their initials only. See Fed. R. Civ. P. 5.2(a).

I. The trial court reversibly erred in overruling a defense objection to the failure of the prosecution to present testimony from endorsed witness Brittany Dawning, where the prosecution failed to present any evidence of a duly diligent effort to locate and produce Ms. Dawning to testify, and the court thus did not instruct the jury they could infer that Ms. Dawning's testimony, had she appeared, would have been detrimental to the prosecution's theory of the case.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme

3

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### III. Discussion

Petitioner claims that the prosecutor did not exercise due diligence in locating his girlfriend, Brittany Dawning, who was present at the scene of the shooting and involved in the fight that lead up to the shooting. Petitioner argues that Ms. Dawning was an endorsed *res gestae* witness that the prosecutor was required to call as a witness, pursuant to M.C.L.A. 767.40a(3). Petitioner appears to argue that the prosecutor's failure to call Ms. Dawning deprived him of due process and his right to confrontation. In the alternative, petitioner argues that the trial judge erred in refusing to give the jurors the missing witness

4

instruction, CJI 2d 5.12, in which the jurors would have been instructed that Ms. Dawning's testimony would have been unfavorable to the prosecution.

The Sixth Amendment guarantees a defendant the right to confront witnesses and to have compulsory process for witnesses favorable to him or to her. However, the Sixth Amendment does not require the prosecution to call every witness who is competent to testify. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992); *Whittaker v. Lafler*, 639 F. Supp. 2d 818, 825 (E.D. Mich. 2009). The right to confrontation does not impose a duty upon the prosecution to call a particular witness. *United States v. Bryant*, 461 F.2d 912, 916 (6th Cir. 1972); *See also Turnbough v. Wyrick*, 420 F. Supp. 588, 592 (E.D. Mo. 1976)(right to confrontation not denied by state's failure to call victim as a witness). Stated differently, the Confrontation Clause "is not a guarantee that the prosecution will call all the witnesses it has against the defendant." *United States v. Morgan*, 757 F.2d 1074, 1076 (10th Cir. 1985). In *Cooper v. California*, 386 U.S. 58, 62, n. 2 (1967), the U.S. Supreme Court found a habeas petitioner's contention that he was deprived of his right to confrontation because the state did not produce an informant to testify against him to be "absolutely devoid of merit." *Id.* The Sixth Amendment right to confrontation "does not come into play where a potential witness neither testifies nor provides evidence at trial." *United States v. Porter*, 764 F. 2d 1, 9 (1st Cir. 1985)(internal citations omitted).

Federal law does not require the production of *res gestae* witnesses. *Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 601 (E.D. Mich. 2001). The requirement under Michigan law that prosecutors produce *res gestae* witnesses is simply a matter of state law whose enforcement is beyond the scope of federal habeas review. *See Collier v. Lafler*, 419 F. App'x. 555, 559 (6th Cir. 2011). "[U]nder federal law, there is no obligation on the part of the prosecutor to call any particular witness unless the government has reason to believe that the testimony would exculpate the petitioner." *Atkins v. Foltz*, 856 F. 2d 192 (Table), 1988 WL 87710, * 2 (6th Cir. Aug. 24, 1988)(citing to *United States v. Bryant*, 461 F. 2d at 916). Thus, whether a prosecutor exercised due diligence in attempting to locate a *res gestae* witness is outside the scope of federal habeas review. *Collier*, 419 F. App'x. at 559. As the Michigan Court of Appeals noted in rejecting petitioner's claim, *See People v. Everett*, 318 Mich. App. at 525–26, petitioner presented no evidence that Ms. Dawning would have offered exculpatory evidence had she testified; petitioner is not entitled to habeas relief.

The Court rejects the related instructional error claim. A habeas petitioner is entitled to relief only if the defective jury instruction "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). A federal court may not grant habeas relief on the ground that a jury instruction was incorrect under state law, *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991), and "[a]n omission, or an incomplete instruction, is less likely to be

6

prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

A criminal defendant does not have a clearly established federal right to a missing witness instruction. Petitioner therefore cannot obtain federal habeas relief based on the state court's failure to give an instruction to his jury regarding the prosecution's failure to produce the endorsed witness. *See Stadler v. Curtin*, 682 F. Supp.2d 807, 821-22 (E.D. Mich. 2010). Petitioner is not entitled to habeas relief.

**A certificate of appealability.**

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v.*

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma*

8

*pauperis* on appeal. *Id.*

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Everett is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that petitioner will be granted leave to appeal *in forma pauperis.*

                                                s/Arthur J. Tarnow
                                                **HON. ARTHUR J. TARNOW**
                                                SENIOR UNITED STATES DISTRICT COURT

Dated: October 9, 2018